Per Curiam.

While there is ample evidence in this case to support the verdict of the jury, we feel called upon to reverse and order a new trial because of error in those parts of the charge of the court in which he said: “ Now then, either the plaintiff, Navis, or the foreman, Bobby, have perjured themselves. One or the other has perjured himself here in this courtroom because their stories are absolutely not only inconsistent but contrary in every respect. So I say to you that either the plaintiff or Bobby has testified falsely here as to the material fact of this assault, and you have to determine which one you are to believe. * * * But, as I have already indi *668 cated, in this case something more than coloring has been done by one man or the other, and you people have to determine for yourselves which man came on this stand here and perjured himself. ’ ’
As was said in Smith v. Lehigh Valley R. R. Co. (170 N. Y. 394, 400-401) “ The province of the jury was distinctly invaded, when the trial judge referred to that testimony, in such a way as to constrain the jury to find it to have been deliberately false, or to have been true; for the jurors were, thus, not left free to disregard it, as simply mistaken. * * * The charge tendered a false issue and diverted their minds from their true duty; which was to consider all of the testimony, to weigh it carefully, to test the credit to be given to a witness by his apparent intention to speak the truth and by the accuracy of his memory, to reconcile, if possible, conflicting statements as to material facts and, in such ways, to get at the truth and to reach a just verdict upon the issues.”
In a case in which a similar charge was made by the court we said “We believe that the charge on that subject was erroneous and so prejudicial as to require a reversal and a new trial.”' (Matter of Ogrodowicz, 277 App. Div. 944.) While the issues in that case were entirely different than those now before us, we think the principle of law is the same and we cannot say the error is not prejudicial.
The judgment and order should be reversed on the law and a new trial granted, with cost's to the appellant to abide the event.
All concur, except Taylor, P. J., and Wheeler, J., who dissent and vote for affirmance on the ground that on this record the error was not prejudicial to the plaintiff. Present — Taylor, P. J., Vaughan", Kimball, Piper and Wheeler, JJ.
Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event. [See 278 App. Div. 743.]